**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------------x

**PHYLLIS MINUNNI-DEEBS,**                                        ECF CASE

                                        **Plaintiff,**               **COMPLAINT**
                    **- against -**
                                                                 **Case No. 17 Civ. 6239**

**RICHMOND UNIVERSITY MEDICAL CENTER,**

                                        **Defendant.**
------------------------------------------------------------------------------x

Plaintiff Phyllis Minunni-Deebs (hereinafter, "Plaintiff"), by and through her
undersigned attorneys, The Law Offices of Fausto E. Zapata, Jr., P.C., hereby files this
Action against Defendant Richmond University Medical Center (hereinafter,
"Defendant") and alleges, upon personal knowledge as to herself, and upon information
and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1.  Plaintiff alleges that she is entitled to: (i) overtime wages from Defendant for
    overtime work for which he did not receive overtime premium pay, as required by
    the Fair Labor Standards Act §§ 29 U.S.C. 201 *et seq.* ("FLSA") and United
    States Department of Labor, Wage and Hour Division's Regulations Relating to
    Labor, Title 29, Subtitle B, Chapter V *et seq*. ("Federal Wage Regulations"); and
    (ii) attorneys fees and costs, liquidated damages and interest pursuant to the FLSA
    and its Federal Wage Regulations.

2.  Plaintiff alleges that she is also entitled to: (i) overtime wages from Defendant for
    overtime work for which she did not receive overtime premium pay, as required
    by New York State Labor Law §§ 190 *et seq*. and §§ 650 *et seq*. (hereinafter

collectively referred to as "NYLL"); (ii) damages associated with Defendant's failure to provide her with a statement when she was paid his wages that was compliant with New York State Labor Law § 195(3); and, (iii) liquidated and punitive damages, and attorneys fees and costs pursuant to the NYLL.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiffs' state claims pursuant to 28 U.S.C. § 1367.  The Court also has jurisdiction over the Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendant's principal place of business is in this district.

5. This Court is empowered to issue a declaratory judgment and further necessary or proper relief based on a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is an adult female who, at all relevant times, resided in Richmond County, New York.

7. Plaintiff was employed by Defendant starting on or around July 23, 2001.

8. Defendant is a private domestic corporation, with its principal place of business in Richmond County in the State of New York.

9. Defendant, at all relevant times, has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203, 206(a) and 207(a).

10. Upon information and belief, at all relevant times Defendant had gross annual revenues in excess of $500,000.

11. Defendant is a covered employer within the meaning of the FLSA and NYLL, and at all relevant times employed the Plaintiff.

## FACTUAL ALLEGATIONS

12. At all relevant times, the Defendant operated the business, Richmond University Medical Center, as a hospital and healthcare facility in Staten Island, New York.

13. At all relevant times, Defendant maintained control, oversight, and direction over Plaintiff, including payroll and other employment practices that applied to her.

14. At all relevant times, Defendant had the power to hire and fire Plaintiff.

15. Defendant also controlled Plaintiff's terms and conditions of employment, and determined her rate and method of compensation.

16. During the Plaintiff's employment with the Defendant, her primary job duties were answering phones, making appointments, typing reports, acquiring authorization for surgeries and testing, maintaining the calendar and sending and receiving correspondence.

17. At all relevant times during Plaintiff's employment with Defendant, Plaintiff had no managerial duties or decision-making authority, and was not authorized to spend money on the company's behalf.

18. Beginning in or around 2010, Plaintiff was assigned to work from 6:00 a.m. through 5:00 p.m. on Mondays through Thursdays.

19. Also beginning in or around 2010, Plaintiff was assigned to work from 6:00 a.m. through 4:00 p.m. on Fridays.

20. Between 2010 and July 23, 2016, Defendant failed to pay Plaintiff her overtime premium wages in compliance with federal and state law, of time and a half for the hours that she worked in excess of forty (40) hours in one week.

21. From 2010 through July 23, 2016, Defendant suffered or permitted Plaintiff to work over 40 hours per week without properly compensating her.

22. From 2010 through July 23, 2016, Plaintiff regularly worked approximately ten (10) to eleven (11) hours per day, five (5) days a week.

23. For example, in or around the week beginning on August 2, 2015, the Plaintiff worked more than forty (40) hours in one calendar week without being paid an overtime premium rate equal to one and half of her regular hourly rate after working the forty (40) hours.

24. For example, in or around the week beginning on August 9, 2015, the Plaintiff worked more than forty (40) hours in one calendar week without being paid an overtime premium rate equal to one and half of her regular hourly rate after working the forty (40) hours.

25. On or around July 23, 2016, Defendant began to pay Plaintiff an overtime premium of time and a half for the hours that she worked in excess of forty (40) hours in one week.

26. Plaintiff has made demands to be fully compensated by Defendant, and requested Defendant pay the wages to which she was entitled for the hours she worked before the period Defendant provided her with overtime premium wages.

27. Defendant was aware or should have been aware that it was not fully compensating the Plaintiff for her labor.

28. Throughout the duration of Plaintiff's employment with Defendant, Plaintiff was issued paystubs that did not conform to NYLL § 195(3), including, but not limited to the pay period being paid in the paystub and the number of hours that Plaintiff worked in the pay period.

## FIRST CLAIM OF RELIEF
## FAIR LABOR STANDARDS ACT

48. Plaintiffs repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

49. At all relevant times, Defendant had a policy and practice of refusing to pay overtime compensation to its employees who worked in excess of 40 hours per workweek.

50. As a result of the Defendant's willful failure to compensate its employees, including Plaintiff, for overtime pay at a rate not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendant violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the Federal Wage Regulations.

51. As a result of Defendant's failure to record, report, credit, and/or compensate its employees, including Plaintiff, Defendant failed to make, keep and preserve

records with respect to each of its employees sufficient to determine the wages,

hours, and other conditions and practices of employment in violation of the

FLSA, 29 U.S.C. §§ 201, *et seq.*, and the Federal Wage Regulations.

52. The foregoing conduct, as alleged, constitutes willful violations of the FLSA

within the meaning of 29 U.S.C. § 255(a).

53. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from

Defendant unpaid overtime wage compensation and an additional amount equal as

liquidated damages, additional liquidated damages for unreasonably delayed

payment of wages, prejudgment interest, reasonable attorneys' fees and costs and

disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW

29. Plaintiff repeats and re-alleges each and every allegation of the preceding

paragraphs herein with the same force and effect as though fully set forth herein.

30. Defendant willfully violated Plaintiff's rights by failing to pay overtime wages

equal to time and half of the regular hourly rate for all hours worked in excess of

40 (forty) hours per week, in violation of NYLL.

31. Defendant's NYLL violations have caused Plaintiff irreparable harm for which

there is no adequate remedy at law.

32. Due to Defendant's NYLL violations, Plaintiff is entitled to recover from

Defendant unpaid compensation, liquidated damages, prejudgment interest,

reasonable attorneys' fees, and costs and disbursements in connection with this

action, pursuant to New York State Labor Law §§ 190 *et seq.* and 650 *et seq.*

## THIRD CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW

33. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs herein with the same force and effect as though fully set forth herein.

34. Defendant willfully violated Plaintiff's rights by failing to provide her with a weekly wage statement complaint with NYLL § 195(3).

35. Defendant's NYLL violations have caused the Plaintiff irreparable harm for which there is no adequate remedy at law.

36. Due to Defendant's NYLL violations, the Plaintiff is entitled to recover from Defendant damages in connection with this action, pursuant to NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, requests that this court grant the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b) An injunction against the Defendant and its respective officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c) An award of overtime compensation due under the FLSA and NYLL;

d) An award of damages pursuant to NYLL 195(3);

e) An award of liquidated damages as a result of Defendant's willful failure to pay compensation pursuant to FLSA § 216 and NYLL §§ 198 and 663(1);

f) An award of pre-judgment and post-judgment interest;

g) An award of costs and expenses of this action together with reasonable

   attorneys' fees and expert fees; and,

h) Such other and further relief as this Court deems just and proper.

Date:  New York, New York
       October 25, 2017

                                        The Law Offices of
                                        Fausto E. Zapata, Jr., P.C.


                               By:      _____
                                        Fausto E. Zapata, Jr.
                                        Attorneys for Plaintiff
                                        277 Broadway, Suite 206
                                        New York, New York 10007
                                        Tel. (212) 766-9870
                                        Email: fz@fzapatalaw.com